IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL GILYEAT

                Plaintiff,

v.                                                    Case No. 13-2496-JTM

C.C. MORALES, et al.,

                Defendants.

MEMORANDUM AND ORDER

The following matter comes to the court on the defendants' Motion for Partial Judgment on the Pleadings (Dkt. 26) and the court's Order to Show Cause (Dkt. 30). The defendants seek dismissal of all but two counts of the plaintiff's twelve-count indictment. For the following reasons, the court finds that Gilyeat has failed to show good cause and grants the defendants' motion.

**I. Factual Background**

Plaintiff Daniel Gilyeat resides at 3003 N. 65th Terrace, Kansas City, Kansas, with his wife Ana Gilyeat, and six children ACG, VRG, DLRG, NAG, TTLR, and CRLR. The first four of these are Gilyeat's children from his previous marriage to Maureen Gilyeat. TTLR and CRLR are the biological children of Gilyeat's wife, Ana Gilyeat, and are not Daniel's biological children. On November 18, 2012, at approximately 11:00 p.m., C.C. Morales and D.E. Sachen—officers from the Kansas City, Kansas police department—knocked on Daniel Gilyeat's front door. Gilyeat answered the door, and the officers informed him that they had received a request to check on the wellbeing of Gilyeat's

daughters, ACG and VRG. The officers directed Gilyeat to awaken the children. ACG and VRG stated that they were fine. Morales said he had just received an order to remove ACG and VRG from Gilyeat's residence. After discovering that four other children lived in the house, Officer Morales left from the house to talk to Sergeant K.A. Hill, the dispatching officer and the last individual defendant in this case. As a result of his conversation with Hill, Officer Morales reentered the home and informed Gilyeat that he had decided to remove DLRG and NAG from Gilyeat's home as well.

The officers placed ACG, VRG, DLRG, and NAG in police protective custody. Officer Morales told Gilyeat he would have no contact with the children and that he was to call Child Protective Services the next morning. Gilyeat's children spent approximately twelve hours at the Juvenile Detention Center of the Unified Government of Wyandotte County, after which they were placed in two separate foster homes. ACG, DLRG and NAG remained in foster care for one-and-a-half days, and VRG remained in foster care for two-and-a-half days. On November 21, 2012, Judge Cahill ordered VRG placed in the custody of his mother, Gilyeat's ex-wife Maureen Gilyeat.

On March 8, 2013, Sgt. Hill, Officer Morales, and Officer Sachen appeared at a bench trial to serve as witnesses against Daniel Gilyeat.[1] When Gilyeat asked Morales why he entered Gilyeat's residence without a warrant, criminally trespassed on his property and kidnapped his children, Morales said that he did not need a warrant.

---

[1] The record is unclear on the parties, the court and the substantive issues of the bench trial. They are irrelevant for the court's purposes.

Gilyeat then asked Hill why she authorized officers Sachen and Morales to remove the children. Hill explained that it was standard procedure, stating:

> I don't know the circumstances of why, I wasn't on the scene. So I can't answer the specifics whether a warrant was needed . . . A child abuse report was made through Kansas City Kansas police department and listed you (Gilyeat) were a suspect, therefore it's standard procedure that the children be removed and placed into police protective custody. It was not my decision to grant either custody, but to take into police protective custody.

Acting pro se, Gilyeat filed suit in this court on behalf of himself and his minor children against Morales, Sachen, and Hill in their official and individual capacities. Gilyeat alleges multiple violations by the defendants of 42 U.S.C. § 1983, negligence, false imprisonment, intentional infliction of emotional distress, multiple violations of 18 U.S.C. § 3571 and conspiracy under 18 U.S.C. § 241. Gilyeat also named the Unified Government of Wyandotte County as a defendant, alleging it is responsible for its employees' actions under the doctrine of respondeat superior.

## II. The Defendants' Motion and the Court's Order to Show Cause

The defendants filed a Motion for Partial Judgment on the Pleadings on February 18, 2014, seeking judgment on counts two, four five, six, seven, eight, nine, ten, eleven, and twelve. Gilyeat failed to respond to the defendants' dispositive motion within twenty-one days after the defendants' motion was filed, as the District of Kansas Rule 6.1(d)(2) requires.

As a result of his failure to respond, the court ordered Gilyeat to show good cause by April 15, 2014, why the court should not grant the defendants' Motion for Partial Judgment on the Pleadings. Gilyeat filed an untimely response to the

defendants' Motion for Partial Judgment on the Pleadings on April 3, 2014, forty-four days after the defendants' filed their dispositive motion. Gilyeat then responded to the court's Order to Show Cause on April 8, 2014, stating:

> Plaintiff sent his response to the Motion of Partial Judgment to Defendant's [sic] counsel, Henry Couchman and Judge O'Hara on March 14th, 2014 via email. Plaintiff unsuccessfully tried to electronically file abovementioned documents a few times. Plaintiff did successfully file the documents with the help of the court on April, 4, 2014. Plaintiff apologizes for any inconvenience caused.

Dkt. 33.

"Responses to . . . motions for judgment on the pleadings must be filed and served within 21 days." D. Kan. R. 6.1(d)(2). "Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires." D. Kan. R. 6.1(a)(4). The local rules in the District of Kansas state:

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

D. Kan. R. 7.4(b).

The trial court has the discretion to extend time to respond to dispositive motions upon a showing of excusable neglect. *Fernandes v. United States*, 169 F.R.D. 372, 374 (D. Kan. 1996). "[W]hether neglect is excusable depends on the facts of each case in which the question arises, and that the question is determined on the basis of the common-

sense meaning of the two simple words applied to the facts which are developed." *Id*. The moving party bears the burden of proving excusable neglect. *Id*.

The Tenth Circuit emphasizes that "a workable system of justice requires that litigants not be free to appear at their pleasure." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). Parties must be held to a "reasonable high standard of diligence in observing the courts' rules of procedure." *Fernandes*, 169 F.R.D. at 375. "And, even though plaintiffs might demonstrate that they were wholly innocent in the matter of failing to respond to the motion to dismiss, this does not constitute excusable conduct under D. Kan. R. 6.1(a)." *Id*.

Gilyeat's response to the court's Order to Show Cause explaining his difficulty with electronic filing does not show excusable neglect. Gilyeat filed this case in September of 2013 and filed several documents with the court before his response was due. Despite acting pro se, he was familiar with the court's electronic filing system. Gilyeat's response was due on March 11, 2014, twenty-one days after the dispositive motion was filed on February 18, 2014. His response to the Order to Show Cause states that he attempted to email his responses to the motion to defense counsel and the magistrate judge assigned to the case on March 14, 2014. But this attempt to communicate with the court came three days after his response was already due.

For these reasons, the court is not convinced that Gilyeat's failure to file his response in a timely fashion is the result of excusable neglect. He has not shown good cause why the defendants' motion should not be granted. Under the District of Kansas

Rule 7.4(b), the court considers the defendants' motion uncontested. Accordingly, the court grants the Motion for Partial Judgment on the Pleadings.

### III. Conclusion

The court dismisses counts two, seven, eight, nine, ten, and eleven for failure to state a claim upon which relief can be granted. The court also dismisses counts four, five, six, and twelve against the defendants for lack of jurisdiction because of the Gilyeat's failure to give written notice of his claims, as required by KAN. STAT. ANN. § 12-105b(d). As a result of this order, only counts one and three of Gilyeat's complaint remain.

IT IS THEREFORE ORDERED this 6th day of August, 2014, that Gilyeat failed to show good cause in response to the court's Order to Show Cause (Dkt. 30).

IT IS ALSO ORDERED that the defendants' Motion for Partial Judgment on the Pleadings (Dkt. 26) is granted.

s/ J. Thomas Marten
J. THOMAS MARTEN,
CHIEF JUDGE